## THE KNUD II.

## STEAMSHIP CO. GORM v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(Circuit Court of Appeals, Second Circuit. November 13, 1922.)

No. 38.

Shipping ⬚49(3)—Provision of time charter for prorating monthly hire held applicable, where vessel off hire because of accident during the period.

The provision of a six-months time charter for hire pro rata for any fractional part of a month (the days to be taken as fractions of a month of 30 days) until her redelivery to the owner, which admittedly applied to hire if the vessel was held over after the expiration of the charter period, applied also to the periods during any calendar month that the vessel was off hire because of breakdown or other accident preventing its working, so that, in such a case, the hire under the charter was to be figured for the time the vessel was actually on hire, in accordance with that rule, and the monthly hire paid in advance was not to be considered as a payment for the ensuing calendar month, regardless of the number of days, and the time the vessel was off hire deducted therefrom.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the Steamship Company Gorm, as owner of the Danish steamship Knud II, against the United States Shipping Board Emergency Fleet Corporation. Decree for libelant, and respondent appeals. Affirmed.

William Hayward, U. S. Atty., of New York City, and Horace T. Atkins, Sp. Asst. Atty. Gen., for appellant.

Duncan & Mount, of New York City (Russell T. Mount, of New York City, of counsel), for appellee.

Before ROGERS and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

MANTON, Circuit Judge. The appellant, a time charterer of the steamship Knud II, has had a decree granted against it for $1,381.39, the balance for the charter hire, and appeals, seeking a reversal. The question presented is as to the method of calculating the amount of hire earned under the provisions of the charter party reading as follows:

"(1) That the said owners agree to let and the said charterers agree to hire the said steamer for the term of six calendar months from the time (the day not to be a Sunday or legal holiday) the said steamer is delivered and placed at the disposal of the charterers."

"(5) That the said charterers shall pay as hire for the said steamer, as per terms and conditions of clause 2 of the agreement dated September 18, 1918, $10.75 (ten dollars seventy-five cents) per D. W. ton per calendar month, commencing from the time the steamer is placed at the disposal of charterers, and pro rata for any fractional part of a month (the days to be taken as fractions of a month of 30 days) until her redelivery to owners as herein stipulated.

"That the payment of the hire shall be made as follows: In United States currency in New York or Washington, without discount, monthly in advance."

⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"(7) * * * . Should the steamer be on a voyage at the expiration of the period fixed by this charter, the charterers are to have the use of the steamer at the rate and on the conditions herein stipulated to enable them to complete the voyage: Provided always that the said voyage was reasonably calculated to be completed about the time fixed for the termination of the charter."

"(12) That in the event of loss of time from deficiency of men or owners' stores, breakdown of machinery, or damage to hull or other accident preventing the working of the steamer, the hire shall cease from the commencement of such loss of time until she be again in an efficient state to resume her service. * * * *"

The contention of the owner, which has been adopted below, is that under a time charter containing the above-quoted 30-day clause, when a vessel's hire ceases, the amount of hire earned is the determination of the amount of days on which the vessel was in point of fact on hire.

The appellant's contention is that the payment of hire in advance is a payment for the ensuing calendar month, whether, 28, 30, or 31 days; and if, during such calendar month, the ship is off hire for a number of days, there is a partial failure of consideration, and the charterers are entitled to a return of the sum paid in respect to such days. The vessel's charter period was by calendar months from December 11, 1918, at 7 a. m., to January 11, 1919, 7 a. m., and the vessel was on hire from December 11 at 7 a. m. to December 18 at 10 p. m., 7 days 9 hours 10 minutes, and the amount of hire earned during that charter month is 7 days 9 hours 10 minutes, which, on the basis of $31,967.81 per month, amounts to $7,866.13 for the actual time of hire. During the charter month from January 11 at 7 a. m. to February 11 at 7 a. m., the vessel earned hire from January 14, at 3 p. m. to February 11, at 7 a. m., 27 days 16 hours, and the hire earned is as follows: 27 days 16 hours of the 30 days at the rate of $31,967.81 per month, or $29,-481.42. It is for the off-hire days that a recovery was allowed below.

It is conceded that clause 5 of the charter applies to an overlapped period beyond the period of the charter party, but it is denied by the appellant that the clause applies to the cessation of hire during the term of the charter party. But it provides for payment per dead weight ton per calendar month and pro rata for any fractional part of the month, the days to be taken as fractions of a month of 30 days, until the redelivery to the owners as stipulated. It provides for pro rata payments on the basis of 30 days to a month—"for any fractional part of a month." It is not provided for payment on a basis of a 30-day month only where there has been an overlap. As thus used, "any" means "all." It is inclusive, and no good reason is advanced for excluding the 30-day calculations in a situation involving cessation of hire during the term of the charter party. If the appellant's construction were to prevail, injustice would result.

We are referred to the English case of Stewart & Co. v. Phs. Van Ommeren, Ltd., [1918] 2 K. B. 560, 14 Asp. 359, which is a decision of the Court of Appeals, and which involved the terms of a charter party. The hire there was paid in advance. The charterer sued to recover an amount equivalent to the vessel's off-hire period at the rate of hire named in the charter party. The owners contended that no hire should be returned, but that the hire unearned in respect of the

days the vessel was off hire should be regarded as a payment pro tanto on the next amount of hire. It was held that, although in practice off hire arising in any one month may be set off against the next month's hire, such practice did not alter the rights of the parties, or extend the termination of the particular calendar month. The charter party there was the same as clause 5 of the charter under consideration here, and it was claimed that there was a failure of consideration in respect to the period from November 20 to December 7, 1915, when the vessel was off hire and recovery was sought for a hire attributable to that period. The precise point was not presented on that appeal as here, inasmuch as the month of November 7th to December 7th was a period of 30 days. The question in the case was presented by Scrutton, L. J., who said:

"Whether, when a payment was made in advance, it was a payment for the ensuing calendar month, or was a payment for the next 30 or 31 days on which the steamer might in fact be on hire, which 30 or 31 days might be spread over the next 2 or 3 months, according as the vessel was or was not on hire."

And it was decided that the payment in advance in each instance for the ensuing calendar month was not for the next 30 or 31 days on which the ship was on hire, and that on each monthly date for payment of hire the charterer owed the owners a month's hire in advance, and the owners owed the charterers refund for any charter hire not earned in the preceding month. Bankes, L. J., said:

"Hire is payable, not at the rate of so much per day, but it is a fixed sum per calendar month. There is then a provision, which would not be required if Mr. Tuskip's [the defendant's] argument is correct, for a pro rata payment for fractional parts of a month."

There the court referred to the pro rata payment for fractional parts of the month as being applicable to the situation then under consideration by the court. But this form of charter has a clear scheme of computing hire for any period less than a month. The theory of a time charter party is that the vessel is maintained by the owner in the service of the charterer, and the charterer pays the owner for the time of such service; if there is any interruption in such service, then the hire ceases, and the question then becomes: How long was the vessel in the charterer's service; that is, how long was she on hire? This clause provides a method of calculation for any fractional part of the month, and that is applicable to cessation of hire in the middle of the term, as well as to a period of overlap.

. Decree affirmed.